IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. OTIS CAMPBELL

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-746     Donald H. Allen, Judge**

---

**No. W2001-01121-CCA-R3-CD  - Filed February 19, 2002**

---

The defendant, Otis Campbell, was convicted of two misdemeanor counts of a three-count indictment and sentenced to eleven months and twenty-nine days for possession of cocaine and possession of marijuana.  The trial court ordered that the sentences be served consecutively to each other as well as to two other sentences for which he had earlier been placed into the community corrections program.  He timely appealed, presenting as his sole argument the claim that the trial court erred in ordering that all of the sentences be served consecutively.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal); George Morton Googe, District Public Defender; and Vanessa D. King, Assistant District Public Defender, Jackson, Tennessee (at trial and on appeal), for the appellant, Otis Campbell.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record on appeal shows that the defendant had the following convictions prior to the instant offenses:

| | |
|---|---|
| 9/17/99 | Driving on a Revoked License, second offense |
| 9/17/99 | Felony Evading Arrest |
| 9/17/99 | DUI |
| 9/17/99 | Driving on a Revoked License, third offense |
| 9/17/99 | Driving on a Revoked License |

| | |
|---|---|
| 6/20/95 | Driving Without a License |
| 6/20/95 | Violation of Registration Law |
| 9/12/89 | Petit Larceny |
| 1/20/87 | Armed Robbery with a Deadly Weapon |
| 1/20/87 | Armed Robbery with a Deadly Weapon |
| 1/20/87 | Petit Larceny |
| 1/4/84 | Possession of Stolen Property over $100 |
| 1/4/84 | Possession of Stolen Property over $100 |
| 5/19/81 | Passing Forged Checks |
| 9/28/81 | Attempt to Commit a Felony |
| 9/17/81 | Shoplifting |
| 5/17/77 | Third Degree Burglary |
| 5/17/77 | Third Degree Burglary |
| 5/17/77 | Possession of Stolen Property over $100.[1] |

In ordering that the defendant serve his two recent convictions consecutively to each other as well as to two previous convictions, the trial court stated:

> Now, as far as consecutive sentencing, the State is asking that these sentences be consecutive to 99-10 and also consecutive to 98-591. Those two cases are actually concurrent. I've looked at the Judgments. So, he had a total effective sentence on those two cases of four years and was, in fact, on Community Corrections when he committed these new offenses, The Court does find. So, The Court is going to run these sentences consecutive to 99-10 and 98-591. The Court feels like it would be appropriate to run these consecutive due to his extensive criminal history.

> Also, The Court is going to run these two counts consecutive to each other. So, these two 11 months and 29-day sentences will be consecutive to each other to serve at the local County Jail.

As a general rule, consecutive sentences are imposed at the discretion of the trial court upon its consideration of one or more of the following statutory criteria:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

> (2) The defendant is an offender whose record of criminal activity is extensive;

---

[1] There are minor variations between the judgments and the presentence report's reciting of them.

(3)     The defendant is a dangerous mentally abnormal person as declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b). Since the criteria are stated in the alternative, only one need exist to support consecutive sentencing.

Because of the defendant's extensive criminal history, the trial court ordered that all of his sentences be served consecutively. However, citing the opinion of this court in State v. Desirey, 909 S.W.2d 20 (Tenn. Crim. App. 1995), the defendant argues that, with the exception of the 1999 conviction for felony evading arrest, it had been twelve years since he had been convicted of a felony and he had a "serious desire to obtain treatment for his substance abuse problem." Thus, the defendant argues that a less severe sentence would have been appropriate.

The defense brief notes that the defendant explained in his statement included in the presentence report that the instant offenses occurred when he was experiencing marital problems and began using alcohol, cocaine, and marijuana. At the sentencing hearing, the defendant expressed his remorse at the crimes he had committed during the past ten to fifteen years, and said that he hoped to enter a drug rehabilitation program and not come through the court system again.

Desirey is distinguishable from the instant case on several bases. Desirey's four consecutive sentences totaled eighteen years, the trial court finding that he was a professional criminal. At the time of sentencing, he had successfully completed a term in a halfway house, imposed as a result of

a federal conviction. That fact, plus his gainful employment at the time of sentencing, led this court to conclude that he had substantial rehabilitative potential. These factors, combined with the nonviolent nature of the offenses and their circumstances, resulted in this court's concluding that only two of Desirey's sentences should be served consecutively.

The defendant in the instant case had a total of nineteen felony and misdemeanor convictions over a twenty-two-year period, with one of the felonies and four of the misdemeanor convictions occurring in 1999. At least a third of his convictions were for felonies, including two for robbery with a deadly weapon. Additionally, the defendant had been placed in community corrections not long before he committed the instant offenses. Given all of this, we cannot conclude that the trial court erred in ordering that the sentences be served consecutively.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE